## Huff Estate

*Eliza J. Ewing*, for executor.
*Daniel Cohen*, for objector.

FRANCIOSA, J., December 13, 1973.—This matter is before us on a claim presented to the corporate executor for payment and refused by it. The claim is for homemaking and health services performed by the Homemaker-Health Aide Service, Inc. It pertains to 905 hours of care rendered over a period of four years immediately preceding decedent's death.

In refusing payment, the executor's position is that Homemaker-Health entered into an express oral agreement to provide the services at the rate of $1 per hour, and its has been fully paid at that rate.

In objecting to the proposed schedule of distribution, Homemaker-Health contends that decedent was charged only a nominal rate of $1 per hour because she misrepresented the extent of her assets.

Testimony offered at the hearing indicates that the agency did not require any formal financial disclosure statement from the deceased. It accepted decedent's oral representation that her income was $108 per month. There is no evidence of exactly what decedent was asked to disclose concerning her assets. It is undisputed, however, that she did not reveal her ownership of substantial personal property. The extent of those assets first came to light after her death.

The executor has filed a schedule of distribution showing personal property with an inventory value of $70,305.53. During the period of administration, certain of the personal property produced income at the rate of approximately $4,000 per year.

Since there is no "clear indubitable proof" that decedent was specifically asked to disclose the extent of her assets, we conclude that her misrepresentations were innocently made. But, a misrepresentation of a material fact, even though innocently made, if relied upon by the other party as intended, confers upon such party the right to rescind the contract when the

falsity of the representation is discovered: Berger v. Pittsburgh Auto Equipment Co., 387 Pa. 61, 127 A.2d 334 (1956); LaCourse v. Kiesel, 366 Pa. 385, 77 A.2d 877 (1951); also see Restatement, Contracts, §476, comment b.

In the circumstances here present, we believe that the income chargeable to decedent for the years covered by the claim justifies payment at the rate of $2.40 per hour. Thus, we direct payment of the claim of Homemaker-Health to the extent of an additional $1,268.20.

## ORDER OF COURT

And now, December 13, 1973, in accordance with the foregoing opinion, the executor shall pay the additional sum of $1,268.20 to Homemaker-Health Aide Service, Inc.

The executor shall amend the proposed schedule of distribution to reflect such additional payment on the claim of Homemaker-Health Aide Service, Inc.

The within order is entered nisi to become absolute, as of course, in the absence of exceptions filed hereto within 10 days of the date hereof.